[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff seeks damages from the defendants Lawrence Seno and his wife Marie Seno for personal injuries allegedly sustained because of the negligence of Lawrence Seno. Marie Seno is a named defendant as she was the co-owner of the motor vehicle involved in the incident which gave rise to the plaintiff's claim. Peerless Insurance Companies are also named defendants as the carrier of the plaintiff's automobile insurance policy with particular regard to the portion of the policy dealing with the uninsured motorists.
The defendants Seno at the time of the occurrence complained of were the owners of a 1976 Cadillac automobile. The plaintiff was an individual who had an interest in older automobiles. He learned of the defendant Seno's ownership of the automobile and the latter's interest in selling the vehicle. Toth claims to have looked at the vehicle several times and then wanted to check out the operating condition. Initially the vehicle couldn't be started but sometime prior to June 17, 1998 the defendant Lawrence Seno advised the plaintiff that he was able to get the car started and running. To satisfy himself, Toth went to the residence of the defendants Seno but again difficulty was experienced in starting it. The plaintiff and the defendant Lawrence Seno then attempted to start it with jumper cables attached and by pouring a small amount of gasoline into the carburetor. According to the plaintiff he said Seno said he had gotten it started previously with the addition of gasoline and that it was "okay to do." As the plaintiff had his head under the hood and was pouring the gasoline, the defendant Lawrence Seno turned on the ignition and activated the starter. At this point the plaintiff was startled and spilled gas on his arm and the engine. The gasoline ignited and caused the plaintiff to sustain burns on his face and arms. The plaintiff in an attempt to extinguish the flames on his person rolled on the ground. The plaintiff then testified that he drove himself to the Griffin Hospital Emergency Room for treatment as described in Plaintiff's Exhibit 10. The assessment of the treating personnel was first and second degree burns to the face, both ears as well as a blister formation on the arms and ears. CT Page 14476 The plaintiff was instructed to obtain follow-up medical care and he did have a follow-up visit to the hospital on June 18, 1998 with the bill for hospital services of $471.61 (P. Ex. 4). He then saw a Dr. Mark Weinstein on June 18, 23, 30 and December 23, 1998 for treatment and evaluation for which services he was billed $730. (See. P. Ex. 5). On the occasion of the last visit, Dr. Weinstein Opined that "all wounds have healed nicely" and he was discharged.
In the plaintiff's response to the defendants' motion for disclosure, the plaintiff claimed to have been confined to his bed for three weeks subsequent to the incident and to his home for six weeks (see Def. Ex. 1). At trial, the plaintiff testified that his bed rest and home confinement was considerably less than the durations listed in the disclosure. The plaintiff was self-employed as a pawn broker and makes no claim for loss of earnings or earning capacity.
As a consequence of the burns the plaintiff claims residual scarring of the affected parts and increased sensitivity of the skin causing discomfort in shaving and exposure to sun. He also claims that sometime after his treatment in June 1998 he developed growths on his left ear which required treatment as well as a rash on his leg. As to these latter claims, the connection to the injuries sustained in the incident is too tenuous and unsupported by any medical opinion to be causally related to the accident complained of.
The court viewed the plaintiff's areas which the plaintiff claims to have been permanently scarred but these areas do not appear to have been left with any significant permanent disfigurement. Considering the plaintiff's claims as to scarring and increased sensitivity the court concludes that the plaintiff has sustained $7,500 in non-economic damages. His economic damages consist of $1,201.61 as previously noted.
Section 52-572h C.G.S. requires the trier of facts in a negligence case to consider the percentage of negligence attributable to each party involved in the incident. Both parties, the plaintiff and defendant Lawrence Seno, admit to a knowledge of the propensity of gasoline to ignite if exposed to a spark, flame or heat. To embark upon a course of action involving pouring of gasoline into a carburetor involves a definite hazard to the pourer s health as was demonstrated in this matter. The court considers both the plaintiff and the defendant negligent in this occurrence. The defendant however bears the larger degree of involvement as his action in activating the starter while the plaintiff was under the hood and not clear of the engine compartment and its later ignition due to a spark or backfire was what caused the spilling of the fuel in the hands of the plaintiff. Absent such action, CT Page 14477 the pouring of the fuel into the carburetor might well have been accomplished without incident. The court concludes that the defendant is 80 percent negligent and the plaintiff 20 percent negligent. This then entitles the plaintiff to a recovery amounting to 80 percent of the claimed non-economic damages, or $6,500.
As to economic damages of $1,201.61 the plaintiff's medical expenses have been paid in full by the plaintiff's medical insurance carrier and under the law the plaintiff is therefore not normally entitled to be compensated for fully-reimbursed expenditures. However, he would be entitled to reimbursement of the amount paid to secure such coverage under Sec. 52-225a (c) C.G.S. The only evidence before the court as to the plaintiff's expenditures in that regard is his testimony that the health insurance was $400 per month. The premium paid for this insurance over the period of time that the medical expenses were incurred, from June 1998 to December 1998, some 7 months, totaled $2,800. Because the premium for the coverage exceeds the amount of the medical expenditures the plaintiff is entitled to recovery of his economic damages previously noted to be $1,201.61. Alvazado v. Black, 248 Conn. 409, 418. Applying the 20 percent reduction due to negligence attributable to the plaintiff, the plaintiff is entitled to $960.80 economic damages. The court further finds that the defendants Seno carried no applicable insurance on the Cadillac motor vehicle.
The plaintiff is therefore entitled to recover of the defendants the total sum of $7,560.80 plus allowable costs.
___________________ George W. Ripley II Judge Trial Referee CT Page 14478